UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND G. HARNIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00331-RCJ-VPC |
| vs. | ) | |
| | ) | |
| COLONIAL BANK NA et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing thirteen causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded those parts of the first, third, fourth, tenth, and eleventh claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. Two motions to dismiss are pending before the Court. For the reasons given herein, the Court grants the motions.

**I.   THE PROPERTY**

Raymond G. Harnist gave lender Colonial Bank, N.A. ("Colonial") a $206,755 promissory note to purchase property at 51 S. Maddux Dr., Reno, NV 89512 (the "Property"). (*See* Deed of Trust ("DOT") 1–2, May 29, 2008, ECF No. 42-9); Note 1, May 29, 2008, ECF No. 42-8). The trustee was Ticor Title Co. ("Ticor"). (*See* DOT 1). MERS assigned the Note and DOT to BAC Home Loans Servicing, LP ("BAC"). (*See* Assignment, Oct. 8, 2009, ECF No.

1  42-10). Recontrust Co., N.A. filed the Notice of Default ("NOD") based on a default of

2  unknown amount as of January 1, 2009. (*See* NOD 1–2, Oct. 7, 2009, ECF No. 42-12). BAC

3  substituted Recontrust as trustee. (Substitution, Oct. 8, 2009, ECF No. 42-11). Plaintiff waived

4  or failed to request mediation under the state Foreclosure Mediation Program ("FMP"). (*See*

5  FMP Certificate, Apr. 29, 2010, ECF No. 42-13). Recontrust noticed a sale for June 11, 2010.

6  (Notice of Trustee's Sale ("NOS"), May 21, 2010, ECF No. 42-14).

7  **II.     ANALYSIS**

8        The wrongful foreclosure claim remains with Judge Teilborg. The remanded claims are:

9  (1) Unfair Lending Practices Under Nevada Revised Statutes ("NRS") section 598D.100; (3)

10  Injunctive Relief; (4) Declaratory Relief; (10) Civil Conspiracy; and (11) Racketeering Under

11  NRS section 207.470.

12        First, Plaintiff obtained the loan on May 29, 2008. The statute of limitations under

13  section 598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the present case was

14  brought on April 19, 2010. Therefore, the claim is not time-barred. Section 598D.100 was

15  amended in 2007, with an effective date of June 13, 2007. *See* 2007 Nev. Stat. 2844–46.

16  Therefore, the current version of the statute applies to the present case. The statute provides a

17  civil action to a borrower against a lender who "[k]nowingly or intentionally make[s] a home

18  loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document

19  home loan, no-document home loan or stated-document home loan, without determining, using

20  any commercially reasonable means or mechanism, that the borrower has the ability to repay the

21  home loan." Nev. Rev. Stat. § 598D.100(1)(b). Plaintiffs must "alleg[e] specific facts showing

22  how Defendants failed to adhere to this statutory requirement . . . ." *Urbina v. Homeview*

23  *Lending, Inc.*, 681 F. Supp. 1254, 1259–60 (D. Nev. 2009) (Hunt, C.J.) (dismissing a claim

24  under the statute).

25        Much of this claim is conflated with the conspiracy claims, which is why only part of it

1 has been remanded. In the remanded part of the claim, Plaintiff alleges that the loan payments
2 exceeded 40% of his income as reported to the lender, and that the lender failed to verify his
3 income. (*See* Compl. ¶¶ 54, 57, Apr. 19, 2010, ECF No. 1-1). Although Plaintiff's allegations
4 implying that he incorrectly stated his income on the loan application documents may open him
5 up to a charge of mortgage fraud, the allegations that the lender accepted the stated income
6 amount without verification and that the lender knew that the mortgage payments would equal
7 40% of Plaintiff's income even as stated supports a civil claim under section 598D.100 that the
8 lender failed to determine in a commercially reasonable manner that Plaintiff was able to repay
9 the loan from his income or other sources apart from anticipated gains in equity. The Court
10 would therefore not dismiss this claim as against Colonial Bank, but Colonial Bank has not
11 moved against it. The Court will dismiss the claim as against the moving parties.

12 Second, the civil conspiracy claim fails because Plaintiff does not allege any agreement
13 to engage in unlawful activity. He simply concludes that a conspiracy existed between the
14 lender and others because these agencies were all in some way involved with foreclosures
15 generally. The claim is not pled with nearly the particularity required under Rule 9(b). The
16 Court will dismiss this claim.

17 Third, under Nevada's RICO statute, a private party can bring a civil action for treble
18 damages, attorney's fees, and costs for injuries sustained by a violation of NRS section 207.400.
19 *See* Nev. Rev. Stat. § 207.470. Plaintiff alleges Defendants engaged in racketeering. Plaintiff,
20 however, nowhere identifies which unlawful act under section 207.400 he believes Defendants to
21 have committed. Plaintiff simply quotes the definition of "racketeering" under section 207.390
22 and alleges that Defendants engaged in racketeering through predatory lending practices.
23 Plaintiff has not identified two predicate offenses required to constitute racketeering. *See id.*
24 § 207.390. Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping,
25 sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery,

assault with a deadly weapon, certain frauds, etc. *See id.* § 207.360. Insofar as the predicate acts are intended to be frauds based on the MERS system, the claim remains with Judge Teilborg. The Court will dismiss this claim insofar as it has been remanded.

Finally, the claims for injunctive and declaratory relief will be dismissed as against the moving Defendants.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 42, 54) are GRANTED. Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983) (foreclosure absent default).

IT IS SO ORDERED.

Dated this 24th day of August, 2011.

_____
ROBERT C. JONES
United States District Judge